COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:     Troy Lee Boiser, Jr. v. The State of Texas

Appellate case number:   01-19-00911-CR

Trial court case number: 18-CCR-200843

Trial court:             County Court at Law No. 2 of Fort Bend County

On November 22, 2019, appellant, Troy Lee Boiser, filed a notice of appeal from the judgment of conviction and sentence rendered against him in the trial court. The appellate record was completed on November 6, 2020, making appellant's deadline to file his brief December 7, 2020. *See* TEX. R. APP. P. 38.6(a).

On December 4, 2020, appellant filed his first motion for an extension of time to file his appellant's brief, requesting an extension of ninety days to file his brief. Appellant's motion for extension of time was granted by the Court, extending the deadline for filing appellant's brief to March 8, 2021. In our order granting appellant's motion for extension, we notified appellant that **no further extensions** would be considered, and that if appellant failed to file a brief by the extended deadline, we would abate the case and direct the trial court to hold a hearing to make certain findings regarding appellant's appeal.

No brief was filed by the extended deadline. However, on March 10, 2021, counsel for appellant filed a second motion for extension of time to file appellant's brief. In the motion, counsel represents that she "has attempted to contact [a]ppellant on numerous occasions unsuccessfully." As such, she "has been unable to discuss the appeal with [a]ppellant," and is further "uncertain whether [a]ppellant is wanting to continue with the appeal or is wanting to abandon the appeal."

As noted in our December 4, 2020 order, no further extensions will be granted for appellant's brief. Accordingly, appellant's second motion for extension of time to file his appellant's brief is **denied**.

Further, pursuant to Texas Rule of Appellate Procedure 38.8, we **abate** the appeal and remand the case to the trial court to immediately conduct a hearing at which a representative of the Fort Bend County District Attorney's Office, appellant's counsel,

Leigh Love, and appellant shall be present.[1]  *See* TEX. R. APP. P. 38.8(b)(2), (3).  The trial court shall have a court reporter record the hearing.

The trial court is to:

(1) determine whether appellant wishes to prosecute the appeal;

(2) determine whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements to assist counsel with efforts to file a brief;

(3) the reason for failure to file a brief;

(4) if appellant wishes to continue to prosecute the appeal, a date certain by which appellant's brief will be filed; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. R. APP. P. 38.8(b), (c).

The trial court clerk is directed to file a supplemental clerk's record containing any trial court order, findings, and recommendations with this Court no later than sixty days from the date of this order.  The court reporter is directed to file the reporter's record of the hearing no later than sixty days from the date of this order.

The appeal is **abated**, treated as a closed case, and removed from this Court's active docket.  The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.  The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.  Alternatively, the Court will consider a motion to reinstate or motion to dismiss the appeal filed by any party.

It is so ORDERED.

Judge's signature: ____/s/ April Farris_____
           ☑ Acting individually   ☐ Acting for the Court

Date: __March 16, 2021_____

---

[1] If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.  Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On his request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the State's attorney.